■ LINDA MAUSKOPF et al., Respondents, v HERBERT ROSS, Respondent, and WHITE PLAINS HOSPITAL & MEDICAL CENTER, Appellant, et al., Defendants. [595 NYS2d 461] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about November 20, 1992, which, to the extent appealed from, denied defendant-appellant's motion for summary judgment, unanimously affirmed, without costs.

Issues of fact exist as to who was responsible for the seven-day delay in performing the CAT scan and whether such delay was a departure from accepted medical practice. The record suggests that the testing equipment may have been inoperable from midday on May 14, a Thursday, to the morning of May 15, 1981, a Friday, but no explanation is provided why the test was not conducted during the preceding five days, of which three were weekdays. Nor can it be determined how promptly the order to conduct the CAT scan was transmitted to the radiologist. The affidavit submitted by appellant's expert did not address the apparent practice of having CAT scans performed expeditiously regardless of urgency, and thus failed to make a prima facie showing that appellant did not depart from accepted medical practice. Concur—Murphy, P. J., Carro, Ellerin, Kupferman and Asch, JJ.

■ ALFRED GHARTEY, Appellant, v GEM DAVIDSON et al., Respondents. [595 NYS2d 691] —Order, Supreme Court, New York County (Carmen Ciparick, J.), entered June 20, 1991, granting defendants' motion for summary judgment, unanimously affirmed, without costs.

Defendants' motion for summary judgment was properly granted in the absence of proof of malice sufficient to overcome the qualified privilege under which the employee evaluation was prepared (see, Trails W. v Wolff, 32 NY2d 207, 221). Nor did plaintiff adduce any proof that any of the statements in issue were uttered negligently. Concur—Murphy, P. J., Carro, Ellerin, Kupferman and Asch, JJ.